**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01079-JSD |
| | ) | |
| TWIN PEAKS RESTAURANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On July 14, 2026, the Court returned self-represented Plaintiff Cynthia Berry's unsigned Civil Complaint so that she could sign it and refile it. ECF No. 3. At the same time, the Court directed Plaintiff to file a signed "Application to Proceed in District Court without Prepaying Fees or Costs" on a Court-provided form or pay the full $405 filing fee. Plaintiff was given 14 days to comply with these directions. The Court cautioned Plaintiff that her failure to comply would result in the dismissal of this action without further notice. *Id.* at 3. Plaintiff's response was due by July 28, 2026.

On July 23, 2026, Plaintiff filed one page of the Court's two-page form Application to Proceed in District Court without Prepaying Fees or Costs. ECF No. 4. Her Application will be denied as incomplete and unsigned. As explained in the Court's July 14, 2026, Order, the Local Rules of this Court and the Federal Rules of Civil Procedure require every written filing to be signed by the self-represented party or the party's attorney. E.D. Mo. L.R. 2.01(A)(1); Fed. R. Civ. P. 11(a). Furthermore, although Plaintiff states her monthly income on the Application, she provides no financial information regarding her monthly expenses, amount in checking or savings, or assets owned. Consequently, the Application does not contain the financial information

required to determine if Plaintiff qualifies to proceed without prepayment.  *See* ECF No. 3 at 2 (explaining that a plaintiff seeking to proceed without prepayment must demonstrate that, because of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life).

Therefore, to date, Plaintiff has neither refiled her signed Complaint nor filed a signed, completed Application to Proceed Without Prepayment, as directed by the Court.  Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D. Mo. L.R. 2.01(B)(1).  In addition, there is no operative complaint before the Court because Plaintiff has not filed any signed pleadings.

Plaintiff was given meaningful notice of what was expected, cautioned that her case would be dismissed if she failed to timely comply, and granted ample time to comply.  The Court will therefore dismiss this action, without prejudice, due to Plaintiff's failure to comply with the Court's July 14, 2026, Order and her failure to prosecute her case.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

2

**IT IS FURTHER ORDERED** that Plaintiff's unsigned and incomplete motion to proceed without prepayment [ECF No. 4] is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of August, 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE